UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7225 PA (JEMx) | Date | September 1, 2011 |
|---|---|---|---|
| Title | Aretha Franklin v. Alan Elliott, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction Should Not Issue filed by plaintiff Aretha Franklin ("Plaintiff") (Docket No. 3).  Plaintiff filed her Complaint at the same time as the Ex Parte Application.  In the Ex Parte Application, Plaintiff seeks to prevent defendants Alan Elliott and Al's Records and Tape ("Defendants") from releasing a motion picture documentary that includes video from one of Plaintiff's musical performances.

Plaintiff's Ex Parte Application was brought without notice to Defendants.  In the Ex Parte Application, Plaintiff states that she seeks the issuance of the Temporary Restraining Order because "Counsel has reason to believe that the Defendant may immediately release the film to create a fait accompli."  The Ex Parte Application does not, however, provide any evidence in support of this assertion.  Nor does the Ex Parte Application explain why, despite knowing about Defendants' plans to release the motion picture since 2008, has Plaintiff waited until now to seek the requested injunctive relief on an ex parte basis.  Additionally, although Plaintiff expresses concern that the release of the motion picture might be imminent, the Ex Parte Application contains no evidence to explain her "information and belief" that Defendants "intend to release the film" shortly after "a private viewing of the film during the month of August."

In the Ninth Circuit, "circumstances justifying the issuance of an ex parte order are extremely limited . . . ."  Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).

> In cases where notice could have been given to the adverse party, courts have recognized "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action."  American Can Co. v. Mansukhani, 742 f.2d 314, 322 (7th Cir. 1984).  In the trademark arena, such cases include situations where an alleged infringer is likely to dispose of the infringing goods before the hearing.  In the Matter of Vuitton et Fils S.A., 606 F.2d 1, 5 (2d Cir. 1979).  To justify an ex parte proceeding on this latter ground, "the applicant must do more than assert that the adverse party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7225 PA (JEMx) | Date | September 1, 2011 |
|---|---|---|---|
| Title | Aretha Franklin v. Alan Elliott, et al. | | |

would dispose of evidence if given notice." First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993). "[P]laintiffs must show that defendants would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." Id. at 650-51; see also Vuitton, 606 F.2d at 4-5.

Id. (citations and alterations in original); see also Religious Tech Ctr., 923 F. Supp. at 1262 ("Rule 65(b) permits injunctive relief without notice only where notice to the adverse party is impossible or, in limited circumstances, where notice would render further action fruitless.") (copyright action).

Here, as the Ninth Circuit has held, the conclusory allegations about Plaintiff's fears of what Defendants might do are insufficient to justify ex parte relief. Reno Air, 452 F.3d at 1132 ("Were a single conclusory statement by counsel about infringers sufficient to meet the dictates of Rule 65, then ex parte orders without notice would be the norm and this practice would essentially gut Rule 65's notice requirements."); see also id. ("The only 'evidence' offered to support this assertion [that the order must issue without notice because the defendant would otherwise be likely to destroy or conceal the infringing merchandise] was a declaration from Reno Air's counsel that '[i]n [his] experience, this is a common occurrence when dealing with infringers . . . and it is well-recognized in the case law.' This conclusory statement from counsel hardly qualified as evidence . . . .").

Plaintiff has not provided the Court with sufficient evidence to support the issuance of a temporary restraining order without notice to Defendants. See Local Rule 7-19. The Court therefore denies Plaintiff's Ex Parte Application without prejudice.

IT IS SO ORDERED.